UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMED ABDALLA MAHMOUD,<br><br>         Plaintiff<br><br>  v.<br><br>JEREMY BEAN,<br><br>         Defendant | Case No.  3:25-cv-00241-MMD-CLB<br><br>**ORDER** |

**I. DISCUSSION**

   Plaintiff Mohamed Abdalla Mahmoud initiated this case with an application to proceed *in forma pauperis*, a letter explaining that he believes that the calculation of the filing fee is incorrect, and a motion for leave to file a complaint with excessive pages. (ECF Nos. 1, 1-1, 1-2). Plaintiff subsequently filed a motion to correct clerical misconduct and impose sanctions, as well as a document to supplement that motion. (ECF Nos. 3, 4).

   In his motion to correct clerical misconduct, Plaintiff states that his last name was misspelled when this case was docketed, the fourth consecutive time that his name was misspelled when he initiated a case. (ECF No. 3 at 3). Plaintiff also states that his motion to reevaluate the filing fee for his application to proceed *in forma pauperis* was incorrectly docketed as a letter rather than a motion. (*Id.*) Plaintiff attributes these errors to the Ely State Prison law library, and he believes it is the result of a deliberate campaign of retaliation. (*Id.* at 3-4). Plaintiff asks that the Court investigate these issues and issue appropriate sanctions. (*Id.* at 4).

   It is the responsibility of the Clerk's Office for the Court to enter Plaintiff's name in the docket and to determine how to docket filings, not the law library. As such, the errors regarding Plaintiff's name and the manner that his motion was docketed were not the result of the actions of anyone at the law library at the NDOC, but rather mistakes made by staff in the Clerk's Office. It appears that Plaintiff's name has been repeatedly entered

incorrectly because the Court's Office's software began automatically suggesting the incorrect name after the first time Plaintiff's name was entered incorrectly. The Court appreciates Plaintiff bringing these errors to the Court's attention, and these mistakes have been corrected. The Clerk's Office has taken steps to try to prevent similar errors in the future. However, mistakes do occasionally happen, and it is possible that another mistake will occur in the future. Plaintiff can help minimize the chance of a mistake by writing as clearly and legibly as he can. If similar mistakes happen in the future, Plaintiff may bring them to the Court's attention, and the Court will correct them.

Plaintiff further states that he submitted a complaint with his initial filings, but that the complaint was never docketed. (*Id.* at 2). He also alleges that law library staff is not providing him copies of paperwork that they are supposed to provide him, and that they are unresponsive to his grievances. (*Id.*) In his supplement, Plaintiff states that although he received notification of his motion filed at ECF No. 3, he never received any document filed at ECF No. 2. (ECF No. 4).

The Court did not receive any complaint with Plaintiff's initial filings. It is not clear why the Court did not receive a complaint, whether it was an accident or intentional, but Plaintiff must file a complaint in this case for this case to proceed. The Court will give Plaintiff until **July 21, 2025**, to file a complaint.

As for the document filed at ECF No. 2, which Plaintiff states he did not receive, it is the advisory letter that the Court sends to all inmates when they initiate a civil rights case. Because Plaintiff has initiated several cases with the Court, it seems likely that he has received this advisory letter before. However, as a onetime courtesy, the Court directs the Clerk's Office to resend a copy of the advisory letter to Plaintiff at this time.

Finally, as for Plaintiff's request that the Court investigate his claims of clerical misconduct at the Ely State Prison law library, the Court does not conduct investigations. If Plaintiff believes that his rights are being violated by staff at the law library, Plaintiff should pursue his administrative remedies. If Plaintiff exhausts his administrative remedies without satisfaction, he may initiate a new civil rights case.

## II. CONCLUSION

It is therefore ordered that Plaintiff's motion to correct clerical misconduct (ECF No. 3) is denied.

It is further ordered that The Clerk of the Court is directed to send Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same, and a copy of the advisory letter.

It is further ordered that Plaintiff shall file a complaint on or before **July 21, 2025**.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complaint.

DATED: June 23, 2025

_____
UNITED STATES MAGISTRATE JUDGE